THE STATE OF OHIO, APPELLEE, *v.* STACY, APPELLANT.

(No. 3394—Decided February 16, 1983.)

*Mr. John J. Lowther,* prosecuting attorney, for appellee.

*Mr. Barry Eckstein,* for appellant.

MAHONEY, P.J. Bearl T. Stacy, Jr., defendant-appellant, challenges his conviction for driving while intoxicated in violation of R.C. 4511.19. We affirm.

On March 16, 1982, Lorain County Deputy Sheriff, Jimmy Dean Baughman, was on routine patrol accompanied by communications officer, Thomas Kelley. At approximately 2:03 a.m., while stopped at the intersection of State Route 511 and Austin Road, the officers observed a southbound vehicle weaving on the roadway. The officers attempted to stop the vehicle, but the driver accelerated, apparently attempting to elude police. A high-speed chase ensued on various roads and highways in the southern part of Lorain County, Ohio. At one point during the chase, the officers were able to observe the driver whom they subsequently identified as the appellant.

The chase ended when the suspect vehicle was able to elude momentarily the officers by pulling into the private driveway of the residence of Vincent Gregory. The officers found the vehicle abandoned in said driveway. They searched the area and made inquiries of Gregory but were unable to find the driver. The officers then inventoried the contents of the abandoned vehicle, had it towed to the Lorain County Sheriff's impounding lot, and resumed their patrol.

At approximately 3:14 a.m., the officers observed an orange pick-up truck, previously seen in the Gregory driveway, traveling on Peck Wadsworth Road. Gregory was driving, and Stacy was sitting in the passenger seat. The officers recognized him as the man whom they had earlier observed driving the suspect vehicle in a reckless manner. They stopped the truck, questioned Stacy and noted that he appeared to be under the influence of alcohol. Officer Baughman placed him under arrest for six offenses including driving while intoxicated (D.W.I.).

He was arraigned in the Oberlin Municipal Court on March 17, 1982, and pled not guilty to all the charges against him. On April 2, 1982, he moved the court to dismiss the charges pending against him, contending that his March 16 arrest was in violation of R.C. 2935.03. The motion to dismiss was overruled, and Stacy was tried before a jury on June 1, 1982. At the close of the state's case, the court dismissed five of the six charges, permitting the jury to consider the D.W.I. allegation.

The jury found Stacy guilty of D.W.I. He was sentenced to pay a fine of $500 and to serve a term of six months' incarceration in the Lorain County Jail.

### Assignment of Error I

"The trial court erred in overruling appellant's motion to dismiss filed on April 2, 1982."

R.C. 2935.03(A) provides:

"A sheriff, deputy sheriff, marshal, deputy marshal, police officer, or state university law enforcement officer appointed under section 3345.04 of the Revised Code shall arrest and detain until a warrant can be obtained a person found violating, within the limits of the political subdivision, college, or university in which the peace officer is appointed or elected, a law of this state or an ordinance of a municipal corporation."

Clearly, Stacy was arrested by a deputy sheriff within the limits of his jurisdiction for violating a law of the state. However, he contends that, because Baughman failed to make the arrest at the time he was operating his vehicle, the arrest is illegal. We do not agree.

Read in conjunction with R.C. 2935.03(B), (C), and (D) and R.C. 2935.04, R.C. 2935.03(A) prohibits an officer from arresting a person for a misdemeanor offense on the basis of hearsay evidence alone, unless such offense involves violence, domestic violence, theft or illegal drugs. See R.C. 2935.03(B). Rather, in order to arrest for a misdemeanor, the word "found" means that the officer must actually see the offense being committed or from the surrounding circumstances, including admissions by the defendant, be able to reasonably conclude that an offense has been committed. *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271 [61 O.O.2d 496]. However, we find nothing to indicate that the suspect must be arrested at the time the officer sees the offense being committed. To so hold would permit an offender to flee and hide and, thus, to escape arrest at least until a warrant could be obtained. Obtaining a warrant would be virtually impossible in situations where the officer recognizes the suspect on sight but does not know his name.

Thus, we hold that where the officer observes the suspect committing a misdemeanor offense, arrest within one and one-half hours after the offense has been committed is permitted by R.C. 2935.03(A), provided that the offense and the arrest occur within the limits of the officer's jurisdiction. In the instant case, Baughman and Kelley observed Stacy weaving on the roadway, speeding, and recklessly operating his vehicle. Thus, when they discovered him in Gregory's truck, stopping the truck was proper. Upon investigation, Baughman personally observed indications that Stacy was intoxicated. The arrest, based on Baughman's own observations of Stacy's driving behavior and physical condition, comports with R.C. 2935.03.

### Assignment of Error II

"The trial court committed error prejudicial to appellant when it imposed sentence upon him on June 11, 1982."

R.C. 2929.22 states the general factors which should be considered by the trial court in imposing sentence for misdemeanors and provides criteria for determining whether to be severe or lenient. There is nothing in the record to indicate that the lower court failed to consider the statutory guidelines. Further, as the Committee Comment states, none of these criteria controls the court's discretion nor is the court limited to those factors. See *State* v. *Selwyn* (April 21, 1982), Summit App. No. 10472, unreported; *Oberlin* v. *Loyer* (Sept. 1, 1982), Lorain App. No. 3307, unreported.

The appellant has not demonstrated that the trial court abused its discretion.

Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.