THE STATE OF OHIO, APPELLEE, *v.* REYMANN, APPELLANT.

(No. 13735—Decided January 4, 1989.)

*Kathi L. McNabb,* assistant prosecuting attorney, for appellee.

*William T. Whitaker,* for appellant.

CACIOPPO, J. Defendant-appellant, Jerry Reymann, appeals his conviction

for failing to stop after an accident to exchange identity and vehicle registration ("hit-skip"), in violation of Akron City Code Section 73.30, a misdemeanor.

On the evening of March 12, 1988, Akron Police Officer Glenn McHenry was dispatched to 1930 Garden Court on a call reporting a fight and gunshots. When McHenry arrived, he discovered eight or ten people in a parking lot engaged in a loud argument. In his attempt to discover information about the gun, McHenry spoke with several people and learned that there was no gun involved, nor was there a fight going on. Instead, the reason for the commotion was a traffic accident that had occurred elsewhere.

John Fate told McHenry that he had two passengers in his car when he was hit by Reymann's vehicle at the intersection of Massillon and State Roads. Fate told McHenry that he chased Reymann to the Garden Court address in an attempt to talk to him about the accident. McHenry spoke with Fate and the passengers about the details of the accident and the whereabouts of the hit-skip driver. The witnesses showed McHenry the vehicles involved and McHenry observed some brown paint on the right front corner of defendant's vehicle. The witnesses then pointed out Reymann, who was on his way up the stairs of an apartment building.

McHenry went to the apartment door and knocked. When there was no response, he told Reymann through a window that he had enough information to charge him with hit-skip, and if need be, he would get a warrant and break down the door. Reymann then opened the door and let McHenry in. McHenry first asked Reymann if he had a driver's license. Reymann responded that he did not, and refused to give his name and social security number. At that point, he was placed under arrest for the hit-skip violation as well as failure to keep an assured clear distance, a violation of Akron City Code Section 73.20.

While escorting Reymann to the patrol car, McHenry observed Reymann's appearance, speech, balance, and an odor of beer about Reymann's person, and thereafter charged Reymann with driving under the influence, Akron City Code Section 73.01(A)(1).[1] Reymann never admitted to driving a vehicle.

Reymann filed motions to dismiss and suppress evidence based on a lack of probable cause to arrest for the hit-skip. The motions were directed toward the DUI charge. An oral hearing was held on the motions, at which McHenry testified to the events which led to the defendant's arrest. The trial court denied the motions and Reymann requested findings of fact and conclusion of law, which the trial court then issued.

The trial court found that although McHenry did not observe the accident, the arrest was valid because it was based on the statements of the witnesses and McHenry's observation of the damage to the vehicles. In its conclusion of law, the trial court stated:

"The following ruling of the Court is based on the original Motion for Driving While Under the Influence. The motion was not specifically directed toward the unlawful arrest in the Hit-Skip. However, the Court finds that in both instances, a warrantless arrest was proper and with probable cause based on the statements of the prosecuting witnesses as sufficient evidence of probable cause."

---

[1] Reymann was also charged with driving on a suspended license, in violation of Akron City Code Section 71.07.

Reymann then entered into a plea bargain whereby the prosecution agreed to dismiss the driving under influence and assured clear distance charges in exchange for pleas of no contest to the charges of hit-skip and suspended operator's license. Reymann was found guilty of the latter two charges, and now appeals from the hit-skip conviction.

### Assignment of Error

"The trial court erred as a matter of law in holding that a warrantless arrest [for an offense] not committed in the presence of the arresting officer was a valid arrest."

Reymann argues that because his arrest was illegal, the trial court should have dismissed the hit-skip charge or suppressed all of the evidence relating to that charge which resulted from the illegal arrest. We will begin by discussing the issue of the illegality of the arrest, and then proceed to its effect on the charges against Reymann.

R.C. 2935.03(A) provides police officers with the authority to arrest and detain persons "found violating" the laws of this state, or ordinances of municipal corporations until a warrant can be obtained. *State* v. *Mathews* (1976), 46 Ohio St. 2d 72, 75, 75 O.O. 2d 150, 152, 346 N.E. 2d 151, 153-154. "This language, 'found violating,' has been interpreted to authorize a warrantless arrest for misdemeanor only where the offense has been committed in the officer's presence. * * *" *Id.* at 75-76, 75 O.O. 2d at 152, 346 N.E. 2d at 153-154 (citing *State* v. *Lewis* [1893], 50 Ohio St. 179, 33 N.E. 405).

However, an exception exists where, from the surrounding circumstances, including admissions by the defendant, the officer is able to reasonably conclude that an offense has been committed. See *State* v. *Stacy* (1983), 9 Ohio App. 3d 55, 9 OBR 74, 458 N.E. 2d 403, paragraph two of the syllabus.

"* * * In the instance of the commission of a misdemeanor, * * * a warrantless arrest can be made only if the misdemeanor is committed in the presence of the arresting officer. R.C. 2935.03(A). What is required for a valid warrantless arrest is not that the officer have absolute knowledge that a misdemeanor is being committed in the sense of possessing evidence sufficient to support a conviction after trial, but, rather, that he be in a position to form a reasonable belief that a misdemeanor is being committed, based upon evidence perceived through his own senses. In other words, if, based upon circumstances perceivable by his own senses, a reasonable person would be justified in concluding that a misdemeanor is being committed in his presence, then, the warrantless arrest is valid." *Columbus* v. *Lenear* (1984), 16 Ohio App. 3d 466, 468, 16 OBR 548, 550, 476 N.E. 2d 1085, 1088.

This exception is applied, for the most part, to arrests for driving under the influence.

In *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271, 61 O.O. 2d 496, 291 N.E. 2d 742, the Ohio Supreme Court was confronted with two drunk driving cases where the officers had not personally viewed the defendants operating the vehicles. However, in each case, the officers personally observed that each defendant was visibly under the influence of alcohol. Further, each defendant admitted to driving the vehicle. The court found these factors sufficient to allow the officers to reasonably conclude that each defendant had been driving under the influence of alcohol. The key to these cases is that the basis for the reasonable conclusion, *i.e.*, probable cause, is the officer's personal knowledge.

"* * * R.C. 2935.03(A) prohibits an officer from arresting a person for a

misdemeanor offense on the basis of hearsay evidence alone, unless such offense involves violence, domestic violence, theft or illegal drugs." *Stacy, supra,* paragraph one of the syllabus.

"If an officer does not know of the acts constituting an offense, that offense is not being committed in his presence in respect of the justification of an arrest without warrant. The acts must become known to the officer, at the time of their commission, through his sensory perception, and he must infer that they constitute an offense. * * *

"* * * But an arrest is not justified by the fact that the officer has information from other persons which leads him to believe an offense is being committed in his presence; the facts constituting the offense must have been within his own knowledge." 5 American Jurisprudence 2d (1962) 721, Arrest, Section 31.

"* * * [A]n officer may arrest without warrant when he has reasonable grounds to believe that the person to be arrested has committed a misdemeanor in his presence. However, probable cause for this purpose must be a judgment based on a personal knowledge acquired at the time through the senses, or inferences properly drawn from the testimony of the senses." *Id.* at 723, Section 32.

In the instant case, the police officer admitted that the hit-skip was not committed in his presence. Thus, to declare that the warrantless arrest of Reymann was valid, we must determine if, from the surrounding circumstances, McHenry was able to reasonably conclude that an offense had been committed.

After reviewing the facts, it is clear that McHenry had no personal knowledge of the events of that evening. The statements from the three witnesses were clearly hearsay. McHenry's observation of brown paint on one of the vehicles, in and of itself, does not lead to an inference that a hit-skip occurred at another location. The only way McHenry knew the significance of the brown paint, if there was any, was through the statements of the witnesses. As to the significance of the brown paint, nothing in the record shows that either vehicle was painted brown. Further, Reymann never admitted to driving the vehicle.

Thus, unlike the facts in *Szakovits,* where the officers, based upon personal observation and admissions, could reasonably conclude that an offense had been committed, the officer in the instant case had no basis to reach such a conclusion. Accordingly, the warrantless arrest of Reymann must be declared illegal. Our inquiry does not end at this point, however, as we have yet to determine what effect this illegality has on Reymann's rights.

The problem we find with Reymann's arguments as to suppression or dismissal with respect to the hit-skip charge is that he raises them for the first time on appeal. Assuming *arguendo* that we could address them, we would find that they lack merit for the following reasons. As to dismissal, the United States Supreme Court has stated that a criminal defendant "cannot claim immunity from prosecution simply because his appearance in court was precipitated by an unlawful arrest. An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction. * * *" *United States* v. *Crews* (1980), 445 U.S. 463, 474. See, also, *State* v. *Zdovc* (1958), 106 Ohio App. 481, 7 O.O. 2d 217, 151 N.E. 2d 672; *State* v. *Jackson* (1960), 90 Ohio Law Abs. 577, 190 N.E. 2d 38.

As to suppression of evidence of the hit-skip violation, the exclusionary rule would not apply as there is no evidence of the crime which resulted from Reymann's arrest. *Crews, supra,*

at 470-474. The testimony of the witnesses to the accident was unrelated to the conduct of the police officer and, as such, would be admissible against Reymann. *Id.* There was no evidence of the hit-skip which was tainted by the illegal arrest.

We cannot conclude, however, that the trial court's error on the illegality of the arrest is wholly without prejudice, for we find that the illegality of the arrest was grounds for suppression of all evidence related to the charges of DUI and suspended operator's license. The state used these charges as bargaining chips in the plea negotiations to obtain from the appellant a no-contest plea. We find that the appellant was not given a fair opportunity to negotiate, as the state had an unfair advantage in bargaining with charges the evidence of which should have been suppressed for the following reasons.

Reymann's motion requested suppression of the evidence relating to the DUI charge based upon the lack of probable cause to arrest for the hit-skip. It is a "general rule that the conduct of a police officer that violates a provision of state or local law is not, standing alone, a proper basis for excluding evidence on constitutional grounds." *State* v. *Holmes* (1985), 28 Ohio App. 3d 12, 15, 28 OBR 21, 24, 501 N.E. 2d 629, 632 (citing *State* v. *Unger* [1981], 67 Ohio St. 2d 65, 21 O.O. 3d 41, 423 N.E. 2d 1078; *Kettering* v. *Hollen* [1980], 64 Ohio St. 2d 232, 18 O.O. 3d 435, 416 N.E. 2d 598). There are exceptions to this general rule, however, as observed by the Hamilton County Court of Appeals in *Holmes, supra.*

*Holmes* involved a situation where the arresting police officers received a radio broadcast lacking the details of a misdemeanor committed in the presence of another officer who transmitted the information. The court of appeals held that the arrest was legal because the arresting officer's objective reliance on the broadcast was not a constitutional impediment as long as the officer issuing the information had the requisite knowledge to establish the justification for the arrest or detention. The *Holmes* opinion is instructive, however, for the constitutional analysis and conclusion that an illegal arrest can be grounds for application of the exclusionary rule.

The dispute in *Holmes* centered "upon the separate right to be free from an arrest or detention of the person unsupported by an appropriate constitutional justification." *Id.* at 14, 28 OBR at 23, 501 N.E. 2d at 632.

"* * * Where, as here, it is alleged that evidence has been seized pursuant to an unlawful detention, and the detention in question is of the person seeking to exclude the evidence, that individual has the necessary personal interest to assert a constitutional violation under the Fourth Amendment, and that interest is fully consistent with the constitutional principle recognizing that only defendants whose Fourth Amendment rights have been violated have standing to invoke the protections afforded by the exclusionary rule. * * *" *Id.* at 14, 28 OBR at 23, 501 N.E. 2d at 633 (citing *United States* v. *Salvucci* [1980], 448 U.S. 83, 87; *Rakas* v. *Illinois* [1978], 439 U.S. 128, 134).

Being a matter of constitutional dimension, the appropriate analysis should center upon whether it can be said from the relevant facts and circumstances that the detention or seizure was unreasonable from the perspective of the Fourth Amendment. *Holmes, supra,* at 15, 28 OBR at 24, 501 N.E. 2d at 634. Because the officer in *Holmes* who was responsible for the radio broadcast did, from personal knowledge, have probable cause to believe that a criminal offense was tak-

ing place as he viewed the defendant in the car, the other officer's detention of the defendant was not unreasonable. In the instant case, however, because McHenry had no personal knowledge to establish probable cause, his arrest of the appellant must be considered to have been unreasonable under the Fourth Amendment.

The facts show that Reymann was immediately arrested for hit-skip and assured clear distance and then, upon McHenry's subsequent observations, Reymann was charged with DUI, and later charged with suspended operator's license.

Because this arrest was illegal, all evidence resulting from the arrest should have been suppressed. See *Crews, supra.* The evidence with respect to charges of DUI and suspended operator's license is subject to the exclusionary rule as fruit of the poisonous tree. *Wong Sun* v. *United States* (1963), 371 U.S. 471.

We believe that justice requires that the appellant be given a fair opportunity to decide whether he wishes to stand trial on the hit-skip charge or re-negotiate his plea.

Accordingly, the appellant's conviction of hit-skip is hereby reversed. The trial court's order finding appellant's arrest to be legal is hereby vacated, and the cause remanded for further proceedings consistent with this opinion and the law.

*Judgment accordingly.*

CHRISTLEY, J., concurs.

JUDITH A. CHRISTLEY, J., of the Eleventh Appellate District, sitting by assignment.

GEORGE, P.J., dissents.

GEORGE, P.J., dissenting. A basis for the dismissal of the warrantless ar-

rest for the charge of hit-skip was never given to the trial court. Thus, it was not argued nor otherwise contested by the state. Nevertheless, the trial court found that the warrantless arrest was proper as to that charge and that probable cause existed from the statements of the prosecuting witnesses.

I believe, however, that there is additional justification for the trial court's finding of probable cause. (1) Here, the hit-skip was still in progress when the officer arrived upon the scene. The officer saw the defendant hurry away from the prosecuting witnesses, the prosecuting witnesses identified the defendant as the driver who hit their car, and the defendant secreted himself in his apartment. (2) The officer had an opportunity to view the physical evidence of the hit-skip. (3) The hit-skip was fresh, as the prosecuting witnesses had immediately followed the defendant from the scene of the accident to his apartment.

From the statements of the prosecuting witnesses and these additional facts, the officer found the defendant "violating" the hit-skip statute. Thus, the warrantless arrest was legal and the judgment of the trial court should stand.