Defendant-appellant, Tito Collins, appeals a decision of the Butler County Court of Common Pleas denying his motion to suppress evidence. We affirm.
On September 25, 1997, appellant was indicted by a Butler County Grand Jury and charged with possession of cocaine, possession of marijuana, criminal trespass, and resisting arrest. Appellant filed a motion to suppress evidence found during a search incident to his arrest. A hearing on appellant's motion to suppress was held on October 17, 1997.
At the suppression hearing, the state presented the testimony of Officer Dennis Orender of the Hamilton Police Department. On July 31, 1997, Officer Orender was patrolling an area around Welliver and Walnut Streets. He stated that all of the property in the area in question belonged to the Butler Metropolitan Housing Authority (BMHA). Officer Orender stated that he observed appellant and another individual conversing on the sidewalk and in the grass by a telephone or light pole in a courtyard area. He testified that they were approximately ten feet from the nearest street. Officer Orender asked appellant to step over to his vehicle. Officer Orender stated that he intended to arrest appellant for criminal trespass. Officer Orender said that he had previously personally warned appellant not to enter BMHA property. During a patdown search, cocaine was discovered. Appellant was then arrested.
The trial court denied appellant's motion to suppress. The court found that the officer called appellant over to arrest him for trespass and that the search was incident to that arrest. On October 17, 1997, appellant entered a plea of no contest to the charges and was sentenced to five years of community control and a $2,000 fine.
In his sole assignment of error, appellant argues that the trial court erred by denying his motion to suppress. In reviewing the trial court's decision, the weight of the evidence and the credibility of the witnesses are primarily questions for the trier of fact. State v. French (1995), 104 Ohio App.3d 740, 747. A reviewing court is bound to accept findings of fact made by the trial court if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. However, a reviewing court determines as a matter of law, without deferring to the trial court's conclusions, whether the facts found by the trial court meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
The right of police officers to search incident to an arrest is a well-established exception to the warrant requirement of the Fourth Amendment. Chimel v. California (1969), 395 U.S. 752,89 S.Ct. 2034. A warrantless arrest for a misdemeanor is valid if the arresting officer is able to reasonably conclude from surrounding circumstances that an offense has been committed. Cleveland v. Murad (1992), 84 Ohio App.3d 317. Conduct which does not amount to an offense beyond a reasonable doubt may supply officers with a reasonable basis for arrest. State v. Reymann (1989), 55 Ohio App.3d 222. The reasonableness of an officer's basis for arrest is determined by whether a reasonable police officer under similar circumstances would have concluded that the defendant committed a crime suitable for arrest. Id. The kind and degree of proof and the procedural requirements necessary for a conviction are not prerequisites to a valid arrest. Gerstein v. Pugh (1975), 420 U.S. 103, 95 S.Ct. 854.
The United States Supreme Court has held that a search is properly upheld as incident to a valid arrest even if the ordinance upon which the arrest was based is later determined to be unconstitutionally vague. Michigan v. DeFillippo (1979),443 U.S. 31, 99 S.Ct. 2627. The actual arrest need not precede the search as long as the fruits of the search are not used to support probable cause for the arrest. Rawlings v. Kentucky (1980), 448 U.S. 98, 100 S.Ct. 2556.
The trial court correctly found that the search of appellant was incident to his valid arrest. It is well-established that a trespass can occur on public land. Adderley v. Florida (1966),385 U.S. 39, 87 S.Ct. 242. It is no defense to a criminal trespass charge that the land or premises involved were owned, controlled, or in the custody of a public agency. R.C.2911.21(B). See also, City of Warren v. Owens (June 27, 1997), Trumbull App. No. 96-T-5480, unreported (defendant constitutionally convicted of criminal trespass for being on public housing property after being warned not to enter).
Appellant argues that the state did not prove that he did not have permission to enter BMHA from some person or persons unknown. However, that was not the state's burden at the hearing on the motion to suppress. The state merely needed to show that the officer believed that he had probable cause to arrest appellant. Michigan v. DeFillippo; Rawlings v. Kentucky.
The officer testified that appellant was in an area which was BMHA property. Appellant had been previously warned by the arresting officer that he was not allowed on BMHA property. Therefore, that officer could have reasonably concluded that an offense had occurred which provided him with probable cause to arrest. We find that the trial court correctly ruled that the search was incident to a valid arrest. Therefore, appellant's assignment of error is overruled.
Judgment affirmed.
WALSH, J., concurs.
KOEHLER, J., dissents without opinion.