DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Joel A. Helms, appeals the judgment entered by the Barberton Municipal Court. We affirm.
Mr. Helms is a co-owner as well as the manager of Country View South Apartments. On June 18, 1997, a tenant reported that someone was attempting to enter her unit to both Mr. Helms, as manager, and the Summit County Sheriff's Department. Deputy Richard A. Armsey, appellee, of the Summit County Sheriff's Department was one of the officers who responded to the report. Mr. Helms arrived shortly after Deputy Armsey and the other officers, who were engaged in investigating the incident when Mr. Helms arrived.
Mr. Helms approached the scene and was told by Deputy Armsey not to enter the area and to return to his vehicle. Again, Mr. Helms attempted to enter the area and was told by Deputy Armsey to stop and return to his vehicle. At that point Deputy Armsey arrested Mr. Helms for obstructing official business, in violation of R.C. 2921.31. The charge was later dropped.
On June 18, 1998, Mr. Helms brought the instant action against Deputy Armsey personally for violating Mr. Helms's right to be free from unreasonable seizures. Moreover, Mr. Helms asserted that Deputy Armsey had made an illegal arrest. Deputy Armsey filed a motion to dismiss or, in the alternative, a motion for summary judgment, on August 27, 1998. Mr. Helms responded in opposition and filed a cross-motion for summary judgment on October 13, 1998. The trial court granted Deputy Armsey's motion for summary judgment and denied Mr. Helms's motion for summary judgment on December 10, 1998. This appeal followed.
Mr. Helms asserts one assignment of error:
 The trial court erred by awarding summary judgment to Defendant-Appellee, and in denying Plaintiff-Appellant's cross-motion for summary judgment.
Mr. Helms asserts that material issues of fact remain in dispute, and therefore, the trial court erred in granting summary judgment to Deputy Armsey. Furthermore, Mr. Helms avers that the trial court erred in its application of the law to the facts of the instant case. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
 Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment isde novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
Section 1983, Title 42, U.S. Code, provides:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]
One may properly bring suit pursuant to Section 1983, Title 42, U.S. Code when one's right to be free from unreasonable searches and seizures is violated. Shirokey v. Marth (1992), 63 Ohio St.3d 113,118. "However, public officials are nonetheless protected from civil liability by qualified immunity where applicable."Moore v. Hayman (1990), 67 Ohio App.3d 184, 188. Public officials are protected by qualified immunity unless the law, in the light of the legal rules clearly established at the time, clearly proscribes the actions that they took. Id.
R.C. 2921.31(A) states that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties." Whoever violates R.C. 2921.31(A) is guilty of a misdemeanor. R.C.2921.31(B).
"An arrest without a warrant is constitutionally invalid unless the arresting officer had probable cause to make it at that time." State v. Timson (1974), 38 Ohio St.2d 122, paragraph one of the syllabus. Moreover, "[a]s a general rule, an officer may not make a warrantless arrest for a misdemeanor unless the offense is committed in the officer's presence." State v. Henderson
(1990), 51 Ohio St.3d 54, 56. Generally, "[a] warrantless arrest for a misdemeanor is invalid where the arresting officer lacks a reasonable basis for believing, through his own personal observation of the act constituting the offense or the admission of the arrestee, that an offense has been committed." State v.Reymann (1989), 55 Ohio App.3d 222, 222.
In the instant case, Mr. Helms was arrested for violating R.C. 2921.31(A) in Deputy Armsey's presence. In his motion for summary judgment, Deputy Armsey provided the trial court with an affidavit describing the incident in support of his assertion that he had probable cause to arrest Mr. Helms. Mr. Helms responded in opposition but did not provide the trial court with any evidence of the type listed in Civ.R. 56 to support his argument. Instead, he pointed to disputed issues of material fact based upon Deputy Armsey's affidavit.
We conclude that the trial court did not err in granting summary judgment for Deputy Armsey as the evidence, viewed in a light most favorable to Mr. Helms, showed no dispute as to whether Mr. Helms's arrest was illegal. Deputy Armsey's affidavit showed that Mr. Helms had affirmatively attempted to pass by Deputy Armsey twice. Moreover, Deputy Armsey was charged with keeping a potential crime scene free of external contaminants, and Mr. Helms's continued attempts to enter distracted him from that duty. We conclude that such acts, committed in Deputy Armsey's presence, gave him probable cause to arrest Mr. Helms for obstructing official business. Where a party fails to make a showing of evidence as to the existence of an essential element of his or her cause of action, "`there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" Dresher,75 Ohio St.3d at 288, quoting Celotex Corp. v. Catrett (1986), 477 U.S. 317,322-23, 91 L.Ed.2d 265, 273. Hence, as the arrest was shown to be legal by Deputy Armsey's affidavit and Mr. Helms failed to adduce evidence of the type listed in Civ.R. 56 to dispute it, we conclude that the trial court did not err in granting summary judgment in favor of Deputy Armsey and denying Mr. Helms's cross-motion for summary judgment. Mr. Helms's assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________________________ WILLIAM G. BATCHELDER
FOR THE COURT CARR, P.J., WHITMORE, J. CONCUR.