[Cite as *Barberton v. Woodarski*, 2024-Ohio-2156.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CITY OF BARBERTON | C.A. No. 30659 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RENEE WOODARSKI | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 22CRB00844 |

DECISION AND JOURNAL ENTRY

Dated: June 5, 2024

HENSAL, Judge.

{¶1} Renee Woodarski appeals the judgment of the Barberton Municipal Court. This Court affirms.

I.

{¶2} Someone phoned the police to report that a female customer was threatening employees at Dollar General and refusing the leave the store at closing time. Officer Cody Mitchen arrived six minutes after he was dispatched and observed a female standing just outside the store's doors. When he approached the female, he greeted her and asked for her I.D. The female told Officer Mitchen that he did not need her I.D. He repeatedly commanded her to produce it, but she refused. After multiple refusals and a warning that she would be placed in handcuffs if she did not comply, Officer Mitchen reached toward the female to secure her arm. The female then pulled away and attempted to reach inside her purse.

{¶3}    Officer Mitchen struggled with the female for several seconds as she pulled away and told him not to place her in handcuffs. Once he finally secured her arms and placed her in handcuffs, he removed her I.D. from her purse. He identified the female as Ms. Woodarski. He ultimately issued Ms. Woodarski a citation for resisting arrest and released her at the scene.

{¶4}    A jury found Ms. Woodarski guilty of resisting arrest. The trial court sentenced her to house arrest, a suspended jail sentence, and a fine. Ms. Woodarski succeeded in securing a stay of her sentence for the purpose of filing an appeal. She assigns two errors for review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING DEFENDANT RENEE WOODARSKI'S CRIM.R. 29(A) MOTIONS FOR JUDGMENT OF ACQUITTAL[.]

{¶5}    In her first assignment of error, Ms. Woodarski argues that the trial court should have granted her motions for judgment of acquittal because there was insufficient evidence to support her conviction. Under Criminal Rule 29(A), a defendant is entitled to a judgment of acquittal on a charge against her "if the evidence is insufficient to sustain a conviction * * *." Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

**{¶6}** "No person, recklessly or by force, shall resist or interfere with a lawful arrest * * *." R.C. 2921.33(A). "A lawful arrest is an essential element of the crime of resisting arrest." *State v. Vactor*, 9th Dist. Lorain No. 02CA008068, 2003-Ohio-7195, ¶ 34. "'An arrest is 'lawful' if the surrounding circumstances would give a reasonable police officer cause to believe that an offense has been or is being committed.'" *State v. Wigle*, 9th Dist. Summit No. 25593, 2011-Ohio-6239, ¶ 11, quoting *State v. Sansalone*, 71 Ohio App.3d 284, 285-286 (1st Dist.1991). The standard is an objective one. *State v. Hostetler*, 9th Dist. Wayne No. 18AP0058, 2019-Ohio-3413, ¶ 10. An officer's subjective intentions or conclusions about probable cause to arrest are irrelevant so long as, under the circumstances, "there was evidence to support an objective finding that probable cause existed to arrest * * *." *State v. Scott*, 9th Dist. Lorain No. 08CA009446, 2009-Ohio-672, ¶ 16. Further, when proving the element of lawful arrest, "[t]he state need not prove that the defendant was in fact guilty of the offense for which the arrest was based * * *." *Vactor* at ¶ 34.

**{¶7}** Officer Mitchen testified that he was dispatched to Dollar General because a female was refusing to leave the business after store hours and was threatening its employees. He arrived at the store at 10:09 p.m., nine minutes after it closed. A female was standing in the parking lot just outside the store's closed doors. He testified that the female was yelling at a store employee. Officer Mitchen approached the female and asked for her I.D. He testified that he needed to identify the female so he could complete an incident report. Officer Mitchen identified Ms. Woodarski in court as the female he approached.

**{¶8}** The State introduced a recording taken from Officer Mitchen's body camera. The recording showed him greeting Ms. Woodarski and asking whether she had her I.D. Ms. Woodarski responded by telling Officer Mitchen that he did not need her I.D. When the officer

confirmed that he needed Ms. Woodarski's I.D., she replied, "sir, you don't need my I.D." Officer Mitchen then told Ms. Woodarski he would give her one last chance to present him with her I.D. before he handcuffed her. Rather than comply, Ms. Woodarski crossed her arms, asked Officer Mitchen why he would place her in handcuffs, and claimed a store employee had threatened to assault her. Officer Mitchen explained to Ms. Woodarski that she had refused to leave the store, and he repeated his demand for her I.D. Ms. Woodarski replied that she had left the store and was not in the store. When she finished speaking, Officer Mitchen told her that he was going to ask for her I.D. one final time. He held out his hand for her I.D., but Ms. Woodarski remained standing with her arms crossed. When she failed to move, Officer Mitchen reached out to grab her arm. At that point, Ms. Woodarski quickly pulled both of her arms away and behind her back.

{¶9} As Officer Mitchen tried to secure Ms. Woodarski's arms, she stated that she was getting her I.D. She told Officer Mitchen not to place her in handcuffs and continued to struggle against his efforts to secure her. Even after Officer Mitchen secured one of her arms and repeatedly instructed her to turn around, Ms. Woodarski refused to cooperate and tried reaching inside her purse. A brief struggle ensued, during which Officer Mitchen commanded Ms. Woodarski to let go of her bag and she said her hand was caught inside it. When Officer Mitchen finally secured both of Ms. Woodarski's arms and handcuffed her, he located her I.D. inside her bag. He ultimately released her and cited her for resisting arrest.

{¶10} Officer Mitchen testified that, had Ms. Woodarski complied with his initial requests for her I.D., he would not have placed her in handcuffs. Instead, he would have cautioned her against returning to the store and might have completed a formal report or charged her with trespassing, depending on how the store wished to proceed. Officer Mitchen testified that he was trained to ask for an individual's I.D. rather than depend on the individual to accurately relay their

name, date of birth, and social security number. He admitted that he never asked Ms. Woodarski to verbally supply those identifiers.

{¶11} Ms. Woodarski challenges her conviction for resisting arrest on the basis that the State failed to prove the lawful arrest element of that charge. The State argued that her arrest was lawful because Officer Mitchen had probable cause to arrest her for either failing to disclose her personal information or trespassing. Regarding her failure to disclose personal information, Ms. Woodarski claims Officer Mitchen had no legal right to demand to see her I.D. rather than simply ask for her name, date of birth, or address. Regarding her alleged trespass, she argues that there was no evidence Officer Mitchen ever intended to arrest her for that offense. She further argues that trespassing could not have formed the basis for her arrest because Officer Mitchen did not personally observe her committing that misdemeanor offense. We begin by discussing trespassing.

{¶12} A person commits a criminal trespass if, lacking privilege to do so, she "[k]nowingly enter[s] or remain[s] on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when [she] knows [she] is in violation of any such restriction or is reckless in that regard * * *." R.C. 2911.21(A)(2). Criminal trespass in violation of Revised Code 2911.21(A)(2) is a fourth-degree misdemeanor. R.C. 2911.21(D)(1).

{¶13} "As a general rule, an officer may not make a warrantless arrest for a misdemeanor unless the offense is committed in the officer's presence." *State v. Henderson*, 51 Ohio St.3d 54, 56 (1990). *Accord State v. Stacy*, 9 Ohio App.3d 55, 57 (9th Dist.1983) (officers generally may not arrest misdemeanants "on the basis of hearsay evidence alone"). That is because the law only imbues officers with the power to arrest misdemeanants to prevent breaches of the peace. *State v. Lewis*, 50 Ohio St. 179, 185 (1893).

> Where * * * [a misdemeanor] offense is an accomplished fact, its prevention is no longer possible, and, if public order has been fully restored before the officer

> appears, the power to arrest without warrant for a mere breach of the peace or other minor offense is no longer necessary; for the end—to maintain the public peace—for which such authority is given is no longer attainable.

*Id.* at 187. Certain types of misdemeanors are exempt from the general rule. *See, e.g., State v. Henderson*, 51 Ohio St.3d 54, 56-57 (1990) (upholding warrantless arrest for misdemeanor OVI when officer relied on fellow officer's recitation of the events); R.C. 2935.03(B)(1) (authorizing officers to arrest for certain, listed misdemeanor offenses). Further, in the case of all misdemeanors, "an exception exists where, from the surrounding circumstances, including admissions by the defendant, the officer is able to reasonably conclude that an offense has been committed." *State v. Reymann*, 55 Ohio App.3d 222, 224 (9th Dist.1989).

{¶14} Misdemeanor trespassing is not exempt from the general rule prohibiting warrantless arrests for misdemeanors allegedly committed outside the presence of the arresting officer. *See Henderson* at 56; R.C. 2935.03(B)(1). Accordingly, Officer Mitchen could only lawfully arrest Ms. Woodarski for trespassing if he was able to reasonably conclude from the surrounding circumstances that she committed that offense. *See id.* Viewing the evidence in a light most favorable to the State, a rational trier of fact could have concluded that the State proved the element of lawful arrest because Officer Mitchen had probable cause to arrest Ms. Woodarski for trespassing. *See Jenks*, 61 Ohio St.3d 259 at paragraph two of the syllabus.

{¶15} When Officer Mitchen arrived on scene, Ms. Woodarski was standing in the Dollar General parking lot, just outside its closed doors. The store had closed nine minutes earlier, and he arrived within six minutes of being dispatched. From the call notes he received with the dispatch, he knew a female had refused to leave the store and had threatened its employees. He observed Ms. Woodarski yelling at a nearby individual when he arrived. Moreover, when he spoke with her, she did not deny that she had been inside the store. She indicated that she had left the

store and claimed that one of its employees had threatened her. Officer Mitchen reasonably could have concluded that Ms. Woodarski was trespassing based on her continued physical presence on Dollar General's property, her admission that she had been inside the store, his observation of her yelling at an individual nearby, and the call notes he received upon being dispatched to the store. *See Reymann* at 224. *See also Cleveland v. Murad*, 84 Ohio App.3d 317, 321-322 (8th Dist.1992). Even if he never intended to arrest her for trespassing, his subjective intentions were immaterial. *See Scott*, 2009-Ohio-672, at ¶ 16. As noted, the probable cause standard is an objective one. *See Wigle*, 2011-Ohio-6239, at ¶ 11. Under the foregoing circumstances, a reasonable officer could have concluded that Ms. Woodarski had committed or was committing the crime of trespassing. Accordingly, she has not shown that she was subject to an unlawful arrest.

{¶16} Ms. Woodarski also argues that her arrest was unlawful because Officer Mitchen lacked probable cause to arrest her for failing to disclose personal information. We need not address her argument, as it has been rendered moot. *See* App.R. 12(A)(1)(c). We have already determined that her arrest was supported by probable cause on other grounds. Accordingly, we reject her argument that her conviction for resisting arrest is based on insufficient evidence. Ms. Woodarski's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED BY OFFERING AN IRRELEVANT AND INAPPLICABLE INSTRUCTION ON CRIMINAL TRESPASS TO JURORS[.]

{¶17} In her second assignment of error, Ms. Woodarski argues the trial court erred when it instructed the jury on criminal trespass. We disagree.

{¶18} "[A] trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen*, 50 Ohio St.3d 206 (1990), paragraph two of the syllabus. "Requested jury

instructions should ordinarily be given if they are correct statements of law, if they are applicable to the facts in the case, and if reasonable minds might reach the conclusion sought by the requested instruction." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 240. "This Court reviews a trial court's decision to give or decline to give a particular jury instruction for an abuse of discretion under the facts and circumstances of the case." *State v. Sanders*, 9th Dist. Summit No. 24654, 2009-Ohio-5537, ¶ 45. The abuse of discretion standard implies that a trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶19} Ms. Woodarski has not argued that the trial court's instruction on criminal trespass included any incorrect statements of law. Instead, she argues the trial court erred by instructing the jury on trespass because there was no evidentiary basis to support its instruction. We have already determined, however, that a rational trier of fact could have found Ms. Woodarski was subject to a lawful arrest. Because there was evidentiary support for the trial court's instruction on criminal trespass, we cannot conclude that the trial court abused its discretion by including that instruction. *See Adams* at ¶ 240. Ms. Woodarski's second assignment of error is overruled.

III.

{¶20} Ms. Woodarski's assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

LOUIS E. GRUBE and KENDRA DAVITT, Attorneys at Law, for Appellant.

MICHELLE L. BANBURY, Assistant Prosecuting Attorney, for Appellee.