The **STATE** of Ohio, Appellee,

v.

**MILLER, Appellant.**

[Cite as *State v. Miller* (1993), 91 Ohio App.3d 270.]

Court of Appeals of Ohio,
Logan County.

No. 8-93-11.

Decided Oct. 26, 1993.

*Gerald Heaton,* Logan County Prosecuting Attorney, and *Kim Kellogg–Martin,* Assistant Prosecuting Attorney, for appellee.

*William E. Shirk,* for appellant.

Evans, Presiding Judge.

This is an appeal by Henry Miller from a judgment of the Court of Common Pleas of Logan County rendered upon jury verdicts finding him guilty of three counts of gross sexual imposition in violation of R.C. 2907.05 and one count of rape in violation of R.C. 2907.02. All charges were felony offenses. Appellant contends there was no probable cause for his arrest and challenges the trial court's failure to suppress his statements to the detective investigating the case.

On the afternoon of August 13, 1992, workers at Logan County Children's Services received an anonymous telephone call alleging appellant had sexually abused a twelve-year-old boy who was living with him. The caller did not provide the name of the alleged victim, but did provide other names and information that could be investigated to corroborate the allegation. As a result of information provided by the caller, the caseworker investigating the complaint contacted children's services agencies in Clark, Union and Madison Counties. The information received from Clark County indicated appellant had been on probation for a sex offense. The Union County report indicated appellant had been sexually involved with a child victim. Madison County had no record of appellant. The caseworker also contacted Phyllis Miller, appellant's estranged wife, to obtain information about appellant and the alleged victim. The following morning, August 14, 1992, Phyllis Miller met with the caseworker and informed him of appellant's past involvement with children and his involvement with the alleged victim in the present case. Phyllis Miller also provided copies of appellant's Air Force records which included a general discharge for homosexual activity and allegations of illicit conduct with juveniles. The caseworker then interviewed Phyllis Miller's daughter, Tamantha, who provided additional information and names of possible·victims.

On the afternoon of August 14, 1992, Detective Kelly of the Logan County Sheriff's Office and the caseworker located appellant at his place of employment. After a brief discussion the trio went to appellant's home. Appellant drove his own vehicle, followed by Detective Kelly and the caseworker. Appellant provided written consent for the detective to search his home and car. Afterward, appellant rode with Detective Kelly in an unmarked cruiser to the sheriff's office where an interview was conducted. Appellant was not under arrest at this time and was not handcuffed. Upon the detective's request, appellant agreed to go to the sheriff's office and answer questions. Appellant was informed of his rights and decided to talk to the detective without an attorney being present. Appellant was questioned for several hours in the administrative offices at the sheriff's department. At one point in the interview appellant asked the detective whether he would have to stay in jail. Detective Kelly responded that he did not know the

answer to the question because it depended on the outcome of the interview. During the course of the interview appellant admitted to fondling the victim. Appellant then provided a written statement to that effect. Thereafter, appellant was arrested and lodged in the county jail while criminal proceedings were instituted against him.

A trial to the court was scheduled for January 15, 1993. However, on that date appellant made an oral motion to suppress his statements made to Detective Kelly alleging he was arrested without probable cause. After hearing evidence the trial court overruled the motion. Appellant was subsequently convicted of three counts of gross sexual imposition and one count of rape.

Appellant asserts one assignment of error for our consideration:

"The trial court erred by overruling defendant's motions to suppress on the grounds that there was no probable cause to arrest defendant without a warrant."

In support of this assignment of error appellant contends the only information justifying Detective Kelly's arrest was the anonymous telephone call and the caseworker's subsequent communications with other children's services agencies. We disagree.

The Supreme Court has stated that "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates* (1983), 462 U.S. 213, 232, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527, 544. Accordingly, the court adopted a totality of the circumstances test. *Id.* at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548. In *Adams v. Williams* (1972), 407 U.S. 143, 148, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612, 618, the court explained the concept of probable cause:

"Probable cause to arrest depends 'upon whether, at the moment the arrest was made . . . the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.' *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 [145] (1964)."

Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence should not be used by the court in determining whether probable cause to make an arrest existed. *Gates, supra,* 462 U.S. at 235, 103 S.Ct. at 2330–2331, 76 L.Ed.2d at 546. Rather the court must determine whether the law enforcement officer at the time of making an arrest had a reasonable belief that an offense had been committed by the suspect.

■ In order to determine whether Detective Kelly had probable cause to arrest appellant it is first necessary to ascertain when the arrest was made. Attention can then be given to what information the detective possessed at the time of the arrest. The considerations in deciding whether an arrest has been made include an intent by the officer to arrest, authority of the officer to make an arrest and a seizure or detention of the person which is understood by the citizen as an arrest. *State v. Barker* (1978), 53 Ohio St.2d 135, 139, 7 O.O.3d 213, 215–216, 372 N.E.2d 1324, 1328–1329.

The record in the present case does not specify when Detective Kelly arrested appellant. At the hearing on the motion to suppress the prosecution argued the arrest occurred after appellant made incriminating statements during the interview conducted at the sheriff's office. Appellant, on the other hand, impliedly asserts that the arrest came when the detective first approached him at his place of employment. Appellant's position is not well founded.

■ Appellant consented to a search of his home, then rode to the sheriff's office to be interviewed. Appellant was not restrained while en route to the sheriff's office or during the interview. In fact, the tape-recorded conversation with appellant indicates appellant twice left the interview, apparently unaccompanied by the detective, to go to the bathroom and get a drink. It is also evident that appellant did not think he was under arrest, as he inquired whether he would have to stay in jail. An individual who voluntarily accompanies an officer to a police station for questioning is not automatically considered to be under arrest simply because he is escorted by a police officer. *State v. Maurer* (1984), 15 Ohio St.3d 239, 15 OBR 379, 473 N.E.2d 768. Accordingly, we conclude appellant, although suspected of criminal behavior, was not under arrest until after he admitted to Detective Kelly that he fondled the victim and was subsequently detained in the county jail.

■ Because appellant was not arrested until after he made the incriminating admission, we find no error in the trial court's ruling that Detective Kelly had sufficient probable cause to arrest appellant. The record indicates there had been an anonymous call to children's services implicating appellant with criminal behavior. A caseworker investigating the call contacted other agencies and spoke with appellant's estranged wife. The next day the caseworker personally interviewed appellant's wife, who relayed incidents involving potentially illegal acts by appellant with the alleged victim. Relying on this information, Detective Kelly interviewed appellant, who admitted fondling the victim. The totality of this evidence was sufficient to justify appellant's warrantless arrest.

■ As a collateral argument appellant claims that, pursuant to R.C. 2935.03, there were no reasonable grounds for his warrantless arrest because at the time

of the arrest there were no written statements supporting the accusations against him. R.C. 2935.03(A) prohibits a police officer from arresting any person for a misdemeanor offense on the basis of hearsay evidence alone, unless such offense involves violence, theft or illegal drugs. *State v. Stacy* (1983), 9 Ohio App.3d 55, 9 OBR 74, 458 N.E.2d 403. R.C. 2935.03(B) is an exception to this general rule and allows an officer to make a warrantless arrest for a misdemeanor, not committed in the officer's presence, when the officer has been provided with a written statement that the offender has committed the offense of domestic violence, menacing by stalking or aggravated trespass. The written statement constitutes reasonable ground to believe that the offense was committed and reasonable ground to believe that the person alleged to have committed the offense is guilty of the violation.

More pertinent to appellant's case is R.C. 2935.04, authorizing any person, including a police officer, to make a warrantless arrest provided there is reasonable ground to believe that the person being detained committed a felony. This statute does not require a written statement prior to a felony arrest. In the present case Detective Kelly had reasonable ground to arrest appellant, who admitted fondling the victim and was therefore chargeable with felony offenses.

The assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.