OPINION
Although this appeal was originally placed on the accelerated docket, this court elects to render a full opinion in accordance with Loc.R. 12(5).
Appellant, the State of Ohio, appeals a judgment of the Marysville Municipal Court, Union County, Ohio, granting the motion to suppress evidence brought by Appellee, Anthony Scott Madden. For the reasons that follow, we reverse the judgment of the trial court.
The record, herein, demonstrates that on April 29, 2000, Officer Craig Nicol of the Marysville Police Department stopped Appellee's vehicle after observing Appellee make a left turn without signaling. Additionally, Officer Nicol recognized Appellee and knew that he was under suspension for driving without automobile insurance. Officer Nicol then requested that Officer David Nist of the Marysville Police Department appear at the scene with his canine to sniff the exterior of the car for the presence of illegal drugs. Thereafter, Officer Nist appeared at the scene, at which time his canine alerted to the presence of an odor of drugs coming from inside the vehicle.
The officers then removed a passenger from the rear of Appellee's vehicle, who voluntarily removed an amount of marijuana from his pants pocket. After retrieving the marijuana and placing the passenger under arrest, the officers removed Appellee, conducted a warrantless search of the vehicle, and found marijuana and drug paraphernalia in a zippered bag located in the vehicle's center console.
Subsequently, Appellee was arrested and charged with possession of drugs in violation of R.C. 2925.11 and possession of drug paraphernalia in violation of R.C. 2925.14(C)(1). Appellee entered a plea of not guilty on May 17, 2000. On May 24, 2000, Appellee filed a motion to suppress all the evidence recovered during the search of the vehicle. On July 31, 2000, this matter came on for hearing before the trial court. Thereafter, the trial court issued a decision on August 1, 2000, finding the search of the vehicle to be illegal and suppressing the evidence obtained as a result of the search. A journal entry was filed on August 7, 2000.
The State now appeals the judgment of the trial court, assigning one error for our review.
 The Municipal Court committed error in suppressing the evidence of rolling papers and marijuana found during a search of an automobile following probable cause provided by a trained narcotics detecting dog.
 "When reviewing the trial court's decision regarding a motion to suppress, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence." State v. Powers (Oct. 16, 1998), Marion App. Nos. 9-98-08, 9-98-09, 9-98-10, unreported, at 4, citing State v. Williams (1993), 86 Ohio App.3d 37, 41. "In a motion to suppress, the trial court assumes the role of the trier of facts, and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility." State v. Norman (Dec. 20, 1999), Auglaize App. No. 2-99-25, unreported, at 3. "Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard." Id.
The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibits the government from conducting unreasonable searches and seizures of persons or their property. State v. Kinney (1998), 83 Ohio St.3d 85, 87; State v. Terry
(1998), 130 Ohio App.3d 253, 256. Similarly, Section 14, Article I of the Ohio Constitution provides:
 The right of people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized.
 In order to determine the reasonableness of a search or seizure, a two-step analysis is required. State v. Moore (2000), 90 Ohio St.3d 47, 49. First, there must be probable cause to conduct the search or seizure. Id. The term `probable cause' has been defined as "a reasonable ground for belief of guilt." Id., quoting Carroll v. United States (1925), 267 U.S. 132, 161. "Probable cause must be based upon objective facts that would justify the issuance of a warrant by a magistrate." Moore, at 49, citing State v. Welch (1985), 18 Ohio St.3d 88, 92. Additionally, probable cause is determined under the totality of the circumstances. State v. Miller (1993), 91 Ohio App.3d 270, 273, citing Illinois v. Gates
(1983), 462 U.S. 213; State v. George (1989), 45 Ohio St.3d 325, 328-29.
In a motion to suppress, when a defendant demonstrates that a search was conducted without a warrant, and challenges the search on probable cause grounds, the prosecutor has the burden of proving, by a preponderance of the evidence, that probable cause existed. City of Xeniav. Wallace (1988), 37 Ohio St.3d 216, 220; State v. Arnett (Dec. 4, 1990), Henry App. Nos. 7-89-4, 7-89-5, 7-89-6, unreported, at 3.
If probable cause is found to exist, a search warrant must then be obtained unless one of the exceptions to the warrant requirement applies. Moore, supra, at 49. The Supreme Court of Ohio has delineated the exceptions as follows:
(a) A search incident to a lawful arrest;
(b) consent signifying waiver of constitutional rights;
(c) the stop-and-frisk doctrine;
(d) hot pursuit;
 (e) probable cause to search, and the presence of exigent circumstances; or
(f) the plain view doctrine.
 State v. Penn (1991), 61 Ohio St.3d 720, 723-24, citing Akron Airport Post No. 8975 (1985), 19 Ohio St.3d 49, 51.
 Probable Cause
 Initially, we note that Officer Nicol was justified in pulling over Appellee's vehicle. "Brief investigatory stops are permissible if a police officer has a reasonable suspicion that criminal activity is afoot based on the totality of the circumstances." State v. Terry (1998), 130 Ohio App.3d 253, 257, citing State v. Andrews (1991), 57 Ohio St.3d 86, 87. This is supported by the fact that Appellee attempted a left turn without signaling, which is in violation of R.C. 4511.39 and is punished as a minor misdemeanor pursuant to R.C. 4511.99. Additionally, Officer Nicol testified at the suppression hearing that he recognized Appellee was driving the vehicle and knew he was under suspicion for driving without automobile insurance.
In his motion to suppress, Appellee first argued that there existed neither reasonable suspicion nor probable cause to summon Officer Nist's canine to the scene to sniff for drugs. Despite Appellee's argument, Ohio Courts have held that police need not have a reasonable suspicion of drug-related activity prior to subjecting a lawfully detained vehicle to a canine sniff. See, State v. Carlson (1995), 102 Ohio App.3d 585; Statev. Anderson (Dec. 13, 1995), Lorain App. No. 95CA006052, unreported;State v. Johnson (Sept. 29, 1995), Seneca App. No. 13-95-30, unreported;State v. Poole (June 7, 1995), Medina App. No. 2336-M, unreported; andState v. Ballard (Feb. 16, 1994), Auglaize App. No. 2-93-12, unreported.
Additionally, the United States Supreme Court has held that the exterior canine sniff of an item located in a public place does not constitute a search pursuant to the Fourth Amendment. United States v.Place (1983), 462 U.S. 696; Ballard, supra, at 3. Essentially, Appellee's expectation of privacy was not violated in the instant case. First, the driver of a vehicle on a public highway has a diminished expectation of privacy in the vehicle he or she is driving. Ballard, at 2, citingCalifornia v. Carney (1985), 471 U.S. 386, 390-93. Next, Appellee did not have a reasonable expectation of privacy in the ambient air around his car, which is all that was invaded. Ballard, at 2. Finally, there is no evidence in the record that Appellee was inconvenienced, annoyed or embarrassed by the sniff. The record indicates that approximately thirteen minutes elapsed from the time Officer Nicol stopped Appellee's vehicle until the time the canine alerted to the presence of illegal drugs in the vehicle.
Appellee next argued in his motion to suppress that the officers did not have probable cause to search his vehicle. The Supreme Court of Ohio recently addressed this argument, holding:
 The smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search.
 Moore, supra, at the syllabus. The record, herein, demonstrates that Officer Nist's canine discovered the odor of marijuana emanating from Appellee's vehicle. At the suppression hearing, Officer Nist testified that his canine is certified in the State of Ohio and is trained to find certain illegal drugs, including marijuana. Officer Nist also testified that his canine is trained to sit at the source of the odor once it is located. Accordingly, Officer Nist's canine was qualified to recognize the odor of marijuana and, therefore, this created probable cause to conduct a search of Appellee's vehicle.
Having found that probable cause existed to conduct a search of Appellee's vehicle, we must now determine whether the officers were justified in conducting the search without a warrant pursuant to the exceptions delineated in Penn, supra.
Warrantless Search
 The State argues that the warrantless search was justified by the automobile exception to the warrant requirement. Regarding the automobile exception, the Supreme Court of Ohio previously stated:
 The well-established automobile exception allows police to conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband or other evidence that is subject to seizure, and exigent circumstances necessitate a search or seizure.
 State v. Mills (1992), 62 Ohio St.3d 357, 367, citing Chambers v. Maroney (1970), 399 U.S. 42, 51; Carroll, supra, at 149; State v. Benvenuto (Mar. 28, 2000), Auglaize App. Nos. 2-99-35, 2-99-36, unreported, at 3. "The mobility of automobiles often creates exigent circumstances, and is the traditional justification for this exception to the Fourth Amendment's warrant requirement." Mills, at 367, citing California v. Carney (1985), 471 U.S. 386, 391.
Additionally, the Supreme Court of Ohio recently stated, "[o]nce a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement." Moore, supra, at 51. Further, this court previously stated:
 While the traditional rule requires police officers to present their probable cause to a neutral magistrate and obtain a warrant prior to searching, the "vehicle exception" created by Carroll v. United States (1925), 267 U.S. 132, permitted the troopers to immediately search appellant's car.
 Ballard, supra, at 3.
Therefore, we find that the State has established its burden that probable cause existed to believe there was contraband in the vehicle. Additionally, the officers were justified in conducting the warrantless search pursuant to the automobile exception to the warrant requirement of both the Fourth Amendment to the United States Constitution and Section14, Article I of the Ohio Constitution. As such, the trial court erred in granting Appellee's motion to suppress the evidence obtained during the warrantless search of Appellee's vehicle.
Accordingly, The State's assignment of error is well taken and is therefore sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court.
Judgment reversed.
 HADLEY and BRYANT, JJ., concur.