OPINION
{¶ 1} Defendant-appellant, Jeremy Benner (hereinafter "Benner"), appeals the February 14, 2004, judgment of the Tiffin Municipal Court denying his motion to suppress evidence obtained during a search incident to Benner's arrest for disorderly conduct.
 {¶ 2} On November 21, 2004, Elisha Tyree (hereinafter "Tyree") and Heather Mulligan (hereinafter "Mulligan") occupied the home of Mulligan's mother who was at work for the evening. Tyree and Mulligan watched television while their two children, who were two and three years old, respectively, slept in the basement.
 {¶ 3} Tyree testified at the suppression hearing that Benner, a man with whom Tyree was acquainted, approached the home sometime between 2:30 a.m. and 3:00 a.m. Benner knocked on the back door. When neither of the women responded, Benner proceeded to knock on the front door. Tyree and Mulligan requested that Benner desist and leave the residence. Nevertheless, Benner continued knocking.
 {¶ 4} Tyree subsequently contacted the Bettsville Police Department and informed Officer Kevin Karn (hereinafter "Officer Karn") that a man named "Jeremy" was banging on the doors. Officer Karn and Trainee Donald Mason arrived at the residence shortly thereafter.
 {¶ 5} While searching the perimeter, Officer Karn found a man in a pick-up truck parked near a garage behind the house. Officer Karn testified that after he opened the door to the pick-up he could smell a strong odor of alcohol emanating from the man. Officer Karn also testified that the man was highly intoxicated. Upon questioning, the man denied knocking on the doors. Ultimately, however, the man identified himself as "Jeremy Benner."
 {¶ 6} Officer Karn removed Benner from the vehicle, walked him to the patrol car, and handcuffed him. Officer Karn subsequently advised Benner that he was under arrest for disorderly conduct. Thereafter, Officer Karn searched Benner and found a small pipe containing burnt marijuana residue. Officer Karn charged Benner with disorderly conduct, a violation of R.C. 2917.11(B)(1), and possession of drug paraphernalia, a violation of R.C. 2925.14(A)(13).[1]
 {¶ 7} On November 22, 2004, Benner pleaded "not guilty" to possession the drug paraphernalia and moved to have it suppressed. The trial court denied the motion.[2]
 {¶ 8} It is from this decision that Benner appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred in overruling defendant's motion to suppress.
 {¶ 9} In his sole assignment of error, Benner asserts that the discovery of the drug paraphernalia on his person was the result of an unlawful arrest. Benner contends his arrest for disorderly conduct was unlawful because, under R.C. 2935.03(A), Officer Karn was required to be present during the events in question in order to arrest him without a warrant. As discussed infra, we find Benner's assignment of error to be well-taken for the reason that Officer Karn had neither statutory authority nor probable cause to arrest Benner for disorderly conduct.
 {¶ 10} A review of the denial of a motion to suppress involves mixed questions of law and fact. State v. Burnside, 100 Ohio St.3d 152, 154,2003-Ohio-5372, 797 N.E.2d 71. When reviewing a ruling on a motion to suppress, deference is given to the trial court's findings of fact so long as they are supported by competent, credible evidence. Id. With respect to the trial court's conclusions of law, however, our standard of review is de novo and we must decide whether the facts satisfy the applicable legal standard. Id., citing State v. McNamara (1997),124 Ohio App.3d 706, 707 N.E.2d 539.
 {¶ 11} Under R.C. 2935.03(A), a police officer has authority to arrest and detain persons "found violating" the laws of Ohio until a warrant can be obtained.[3] State v. Matthews (1976), 46 Ohio St.2d 72, 75,346 N.E.2d 151. Consequently, a police officer may not make a warrantless arrest for a misdemeanor offense unless the officer actually sees the offense being committed. State v. Henderson (1990), 51 Ohio St.3d 54, 56,554 N.E.2d 104; State v. Stacy (1983), 9 Ohio App.3d 55, 57,458 N.E.2d 403.
 {¶ 12} An exception to the "presence requirement" exists where the police officer is able to reasonably conclude from the surrounding circumstances that an offense has been committed. Stacy,9 Ohio App.3d at 57, citing Oregon v. Szakovits (1972),32 Ohio St.2d 271, 291 N.E.2d 742. The officer's reasonable belief that probable cause exists to believe a misdemeanor has been, or is being, committed must be based upon evidence perceived through his own senses.State v. Reymann (1989), 55 Ohio App.3d 222, 225-226, 563 N.E.2d 749. As such, "R.C. 2935.03(A) prohibits an officer from arresting a person for a misdemeanor offense on the basis of hearsay evidence alone, unless such offense involves violence, domestic violence, theft or illegal drugs." Stacy, 9 Ohio App.3d at 57, citing R.C. 2935.03(B).
 {¶ 13} In the case sub judice, Officer Karn testified at the suppression hearing that he was not present to witness Benner's disorderly conduct, i.e., the act of repeatedly knocking on the doors. Rather, only Tyree and Mulligan witnessed Benner's actions, which Tyree subsequently communicated to Officer Karn over the telephone. Thus, to find the warrantless arrest valid, we must determine if Officer Karn was able to reasonably conclude from the surrounding circumstances that an offense had been committed.
 {¶ 14} A review of Officer Karn's testimony reveals that his decision to arrest Benner was dependent upon connecting Benner's statements with those of Tyree. Aside from Tyree's communication, Officer Karn had no personal knowledge of the events of the evening. R.C. 2935.03(A) prohibited Officer Karn from arresting Benner for disorderly conduct on the basis of hearsay evidence alone, and the underlying allegation did not involve violence, domestic violence, theft, illegal drugs, or any other statutorily enumerated exception set forth in R.C. 2935.03(B). We are, therefore, unable to find that Officer Karn could reasonably conclude from what he perceived through his own senses, specifically an intoxicated man sitting in a pick-up truck near the premises, that Benner had engaged in disorderly conduct.
 {¶ 15} The evidence flowing from the arrest of a defendant in violation of state or local law is not subject to suppression unless the arrest also violated the defendant's constitutional rights. See State v.Weidman, 94 Ohio St.3d 501, 504, 2002-Ohio-1484, 764 N.E.2d 997, citingKettering v. Hollen (1980), 64 Ohio St.2d 232, 416 N.E.2d 598. Although Benner may have been subject to arrest for a misdemeanor offense committed in Officer Karn's presence, we must conclude from the facts which exist in the record of this case that Officer Karn had neither statutory authority nor probable cause to arrest Benner for the offense with which he was charged.
 {¶ 16} Since Officer Karn had no personal knowledge to establish probable cause, his arrest of Benner was unreasonable under the Fourth Amendment and all evidence flowing from that arrest must be suppressed. See Reymann, 55 Ohio App.3d at 227. Accordingly, the evidence relating to the drug paraphernalia charge discovered in connection with the improper arrest is inadmissible, and the trial court erred in denying Benner's motion to suppress.
 {¶ 17} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 Bryant and Rogers, J.J., concur.
[1] The Revised Code classifies "disorderly conduct" as both a minor misdemeanor and a misdemeanor of the fourth degree, depending on the circumstances. See R.C. 2917.11(E)(2); R.C. 2917.11(E)(3)(a)-(c). While the criminal complaint specified Benner was charged with the fourth degree variant, it does not allege an element necessary for that classification, i.e., that Benner's conduct was "persistent." See R.C.2917.11(E)(3)(a). The Revised Code further provides that a police officer shall not arrest a person for the commission of a minor misdemeanor unless one of four statutory exceptions is available. R.C.2935.26(A)(1)-(4). Therefore, questions exist as to whether Benner could have been arrested on the basis of the fourth degree misdemeanor when the complaint itself was deficient, and if not, whether Benner committed a minor misdemeanor for which he could not have been arrested. Although we need not resolve these issues given the circumstances of Benner's arrest, we note that the trial court amended Benner's sentence for the disorderly conduct on May 4, 2005 to reflect a minor misdemeanor.
[2] Following the denial of the motion to suppress, Benner changed his plea on the charge of possession of drug paraphernalia from one of "not guilty" to "no contest." The trial court subsequently found Benner "guilty," and sentenced him to thirty days incarceration with twenty-seven days suspended. The trial court also imposed a $50.00 fine plus court costs, a six-month license suspension, one year of community control, drug usage counseling, and a firearms disability. The sentence was suspended pending the resolution of this appeal.
[3] R.C. 2935.03(A) does not distinguish between misdemeanor and minor misdemeanor offenses, and we have found no authority that has done so in construing the language of the statute. Thus, our analysis is the same regardless of whether Benner was arrested for a minor misdemeanor or a misdemeanor of the fourth degree.