[Cite as *State v. Brown*, 2014-Ohio-2493.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| SHANE BROWN | : | Case No. 13CA79 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:              Appeal from the Court of Common
                                      Pleas, Case No. 2012-CR-744H

JUDGMENT:                             Affirmed/Reversed in Part and
                                      Remanded

DATE OF JUDGMENT:                     June 9, 2014

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JILL M. COCHRAN                       ROBERT GOLDBERGER
38 South Park Street                  10 West Newlon Place
Mansfield, OH  44902                  Mansfield, OH  44902

*Farmer, J.*

{¶1} On October 6, 2012, James McConnell permitted appellant, Shane Brown, to test drive a vehicle he was selling. The vehicle was returned with damage to the rear bumper. As a result, Mr. McConnell filed a police report. Shelby Police Officer John Guisinger and Sergeant David Mack went to appellant's home to investigate the incident. Appellant admitted to hitting a pole at a gas station and leaving the scene with no intention of reporting the accident. Appellant was arrested and during the search of his person, the officers discovered prescription pills (Alprazolam aka Xanax) and $3,597.00.

{¶2} On November 13, 2012, the Richland County Grand Jury indicted appellant on one count of possession of a Schedule IV drug in violation of R.C. 2925.11 and one count of trafficking in violation of R.C. 2925.03. A jury trial commenced on April 15, 2013. The jury found appellant guilty as charged. By sentencing entry filed April 30, 2013, the trial court sentenced appellant to one year on each count, to be served concurrently with each other and to sentences imposed in another case, Case No. 12-CR-692H.

{¶3} Appellant filed an appeal and this matter is now before this case for consideration. Assignments of error are as follows:

I

{¶4} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."

II

{¶5} "THE TRIAL COURT COMMITTED PLAIN ERROR BY SENTENCING APPELLANT TO BOTH POSSESSION OF AND TRAFFICKING IN ALPRAZOLAM."

I

{¶6} Appellant claims he was denied the effective assistance of trial counsel because his counsel failed to file a motion to suppress the items seized from his person upon his arrest as the arrest was unlawful. We disagree.

{¶7} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:


2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."


{¶8} Officer Guisinger and Sergeant Mack went to appellant's home to investigate a reported hit/skip accident at a gas station. Upon questioning, appellant admitted that he had hit a pole and left the scene and "he had no intention of reporting it." T. at 295, 307. The officers placed appellant under arrest and conducted a search

of his person whereupon they found the aforementioned pills and money. T. at 295-296, 307-308. The police did not have a warrant at the time of the arrest and subsequent search.

{¶9} Appellant was not charged with a hit/skip violation. Two applicable code sections based upon the facts of this case are R.C. 4549.021 and 4549.03. R.C. 4549.021 governs duty to stop after accident occurring on property other than public highways and states the following in pertinent part:

(A) In case of accident or collision resulting in injury or damage to persons or property upon any public or private property other than public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, shall stop, and, upon request of the person injured or damaged, or any other person, shall give that person the driver's or operator's name and address, and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, and, if available, exhibit the driver's or operator's driver's or commercial driver's license.

If the owner or person in charge of the damaged property is not furnished such information, the driver of the motor vehicle involved in the accident or collision, within twenty-four hours after the accident or collision, shall forward to the police department of the city or village in which the accident or collision occurred or if it occurred outside the

corporate limits of a city or village to the sheriff of the county in which the accident or collision occurred the same information required to be given to the owner or person in control of the damaged property and give the date, time, and location of the accident or collision.

(B) Whoever violates division (A) of this section is guilty of failure to stop after a nonpublic road accident, a misdemeanor of the first degree.

{¶10} R.C. 4549.03 governs motor vehicle accident resulting in damage to realty and states the following in pertinent part:

(A) The driver of any vehicle involved in an accident resulting in damage to real property, or personal property attached to real property, legally upon or adjacent to a public road or highway immediately shall stop and take reasonable steps to locate and notify the owner or person in charge of the property of that fact, of the driver's name and address, and of the registration number of the vehicle the driver is driving and, upon request and if available, shall exhibit the driver's or commercial driver's license.

If the owner or person in charge of the property cannot be located after reasonable search, the driver of the vehicle involved in the accident resulting in damage to the property, within twenty-four hours after the accident, shall forward to the police department of the city or village in which the accident or collision occurred, or if it occurred outside the

corporate limits of a city or village to the sheriff of the county in which the accident or collision occurred, the same information required to be given to the owner or person in control of the property and give the location of the accident and a description of the damage insofar as it is known.

(B) Whoever violates division (A) of this section is guilty of failure to stop after an accident involving the property of others, a misdemeanor of the first degree.

{¶11} Appellant's actions as identified by the police officers place the offenses under the category of "misdemeanors." "As a general rule, an officer may not make a warrantless arrest for a misdemeanor unless the offense is committed in the officer's presence." *State v. Henderson,* 51 Ohio St.3d 54, 56 (1990). R.C. 2935.03 governs arrest and detention until warrant can be obtained. Subsection (A)(1) states the following in pertinent part: "A***municipal police officer***shall arrest and detain, until a warrant can be obtained, a person found violating, within the limits of the political subdivision***a law of this state, an ordinance of a municipal corporation, or a resolution of a township."

{¶12} The question is whether any misdemeanor was committed in the officers' presence.

{¶13} In its brief, the state acknowledged the general rule and R.C. 2935.03(A), but argued "an exception exists where, from the surrounding circumstances, including admissions by the defendant, the officer is able to reasonably conclude that an offense has been committed. See *State v. Stacy* (1983), 9 Ohio App.3d 55, 9 OBR 74, 458

N.E.2d 403, paragraph two of the syllabus."   Appellant's Brief at 9, quoting *State v. Reymann,* 55 Ohio App.3d 222, 224 (9th Dist.1989).

{¶14} From the limited record relative to the circumstances surrounding appellant's arrest, we find appellant's admission to the hit/skip and his definitive statement that he was not going to report the accident in violation of R.C. 4549.021 lead to the conclusion that the statute was violated in the officers' presence.  We find it was not necessary to wait 24 hours to see if appellant was going to report the accident.

{¶15} Even if a motion to suppress could have been granted based upon an illegal arrest, a violation of R.C. 2935.03(A)(1) does not invoke the exclusionary rule as argued by the state in its brief at 12-14:

> The question in applying the exclusionary rule is whether the Appellant's constitutional rights were violated.  If one considers the warrantless arrest of the Appellant to be a seizure against the Fourth Amendment, then the question is whether it was supported by probable cause.
>
> ***
>
> In this case, there was probable cause; therefore, the Appellant's constitutional rights were not violated by his seizure.  The officers were aware that there was a hit-skip incident.  The Appellant was identified by the victim as the driver of the vehicle and by a witness who viewed the accident as the driver of the vehicle who struck the pole and then drove off.  The Appellant admitted to the accident and that he intended not to

report the same.   Since there was not a violation of the Appellant's constitutional rights, the exclusionary clause would not work to exempt the evidence in question, even if the arrest in question were invalid.

{¶16}  We agree with the state's argument.  *See, City of Kettering v. Hollen,* 64 Ohio St.2d 232, 235 (1980) ("the fruits of the arrest of the defendant, based on probable cause but unauthorized under existing state law, are not suppressible solely because of the fact of the arrest in Dayton by a Kettering police officer.")

{¶17}  Upon review, we do not find any prejudice to appellant.

{¶18}  Assignment of Error I is denied.

## II

{¶19}  Appellant claims his convictions for possession and trafficking Alprazolam should have been merged.  We agree.

{¶20}  R.C. 2941.25 governs multiple counts and states the following:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain

counts for all such offenses, and the defendant may be convicted of all of them.

{¶21} In *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, syllabus, the Supreme Court of Ohio held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered.  (*State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, overruled.)"

{¶22} In *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, paragraph two of the syllabus, the Supreme Court of Ohio held: "Trafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A) are allied offenses of similar import under R.C. 2941.25(A), because commission of the first offense necessarily results in commission of the second."

{¶23} In its brief at 17, the state argued the testimony established that appellant purchased the pills to use and to sell to support his drug habit.  Sergeant Mack testified appellant stated he still had a drug problem and was unable to get into rehab so he purchased the pills to sell to support his drug habit.  T. at 310-311.

{¶24} We find insufficient evidence to establish appellant's conduct resulted in two separate acts or committed with a separate animus.

{¶25} Assignment of Error II is granted.

{¶26}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed in part and reversed in part.  The matter is remanded for resentencing.

By Farmer, J.

Baldwin, J. concur and

Hoffman, P.J., dissents.

SGF/sg 520

*Hoffman, P.J., dissenting*

{¶27}  I respectfully dissent from the majority opinion.

{¶28}  I find a defendant does not commit a crime by merely declaring he or she intends to do so.   Appellant had 24 hours to report the accident.   Despite his pronouncement he had no intent to do so prior to the expiration of the 24 hour reporting period, Appellant was free to change his mind at any time before then.   Until the time expired, there was no probable cause to arrest Appellant and the failure to file a motion to suppress constituted ineffective assistance of counsel.[1]

---

[1] I agree a violation R.C. 2935.03 does not invoke application of the exclusionary rule. However, the lack of probable cause to arrest results in an illegal search under the Fourth Amendment resulting in application of the exclusionary rule.