[Cite as *State v. Brown*, 2014-Ohio-4888.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 14 CA 64 |
| SHANE W. BROWN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case Nos. 2012 CR 692 and 2012 CR 744

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 31, 2014

APPEARANCES:

For Plaintiff-Appellee

JILL M. COCHRAN
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

SHANE W. BROWN, PRO SE
LAKE ERIE CORR. INSTITUTION
Post Office Box 8000
Conneaut, Ohio 44030

*Wise, J.*

**{¶1}.** Appellant Shane Brown appeals the denial of his pro se post-conviction petition in the Richland County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

<u>*Common Pleas Case No. 2012-CR-692*</u>

**{¶2}.** On September 23, 2012, Henry Conley broke into the home of Floyd Shaw, located at 7 Grove Avenue, in Shelby, Ohio, while Mr. Shaw was attending church. Items stolen from the Shaw residence included a .45 caliber handgun, approximately one hundred dollars in miscellaneous change, a few two-dollar bills, and some collectible coins, including a Canadian dollar and several golden dollar pieces.

**{¶3}.** Shelby Police were contacted later that day by Ron Hamilton. Hamilton told police that Henry Conley had contacted him in attempts to sell a Colt .45 1911 handgun for $100.00. Hamilton believed the gun to be stolen based on the low asking price. Shelby Police arranged for Hamilton to purchase the gun from Conley. Conley was subsequently arrested, and it was determined that the gun he had sold to Hamilton was the one stolen from the Shaw residence.

**{¶4}.** Conley admitted to burglarizing the Shaw residence. When questioned about the other missing items, Conley told the police that the coins and the two-dollar bills could be found at the home of Appellant Brown. Conley stated that he had traded the coins to appellant for heroin.

**{¶5}.** As a result of the police investigation, Conley was charged with burglary, and a search warrant was obtained for appellant's residence for the purpose of locating the property from the Shaw burglary. The search warrant was executed the same day.

As a result of the execution of the search warrant, appellant was charged with aiding and abetting possession of heroin in an amount greater than fifty unit doses, a felony of the third degree; aiding and abetting trafficking in heroin in a school zone in an amount greater than fifty unit doses, a felony of the second degree; aiding and abetting receiving stolen property, a misdemeanor of the first degree, and aiding and abetting possession of a Schedule IV drug with prior felony drug offense, a felony of the fifth degree. The counts of possession and trafficking in heroin both contained forfeiture specifications.

{¶6}. A jury trial in the matter, joined with case 2012–CR–744, infra, was conducted between April 15, 2013 and April 19, 2013. Among other things, evidence was presented that appellant had a prior conviction for possession of heroin and a prior conviction for trafficking in heroin.

{¶7}. The jury ultimately found appellant guilty on all counts and forfeiture specifications.

{¶8}. The trial court thereafter sentenced appellant to a total sentence of seven years in prison.

{¶9}. Appellant filed a direct appeal to this Court, assigning as errors issues of allied offenses of similar import, the right to confront witnesses, and jury instructions. We affirmed appellant's convictions and sentence on April 2, 2014. *See State v. Brown*, 5th Dist. Richland No. 13CA43, 2014-Ohio-1409 ("*Brown I-A*").

<u>*Common Pleas Case No. 2012-CR-744*</u>

{¶10}. On October 6, 2012, James McConnell permitted Appellant Brown to test drive a vehicle he was selling. The vehicle was returned with damage to the rear

bumper. McConnell filed a police report. Officers from the Shelby Police Department went to appellant's home to investigate the incident. Appellant was ultimately arrested, and during the search of his person, the officers discovered Alprazolam prescription pills and a sum of $3,597.00.

**{¶11}.** On November 13, 2012, the Richland County Grand Jury indicted appellant on one count of possession of a Schedule IV drug in violation of R.C. 2925.11, and one count of trafficking in violation of R.C. 2925.03. A jury trial commenced on April 15, 2013. The jury found appellant guilty as charged. By sentencing entry filed April 30, 2013, the trial court sentenced appellant to one year on each count, to be served concurrently with each other and to sentences imposed in the jointly-tried case, number 12–CR–692.

**{¶12}.** Appellant filed a direct appeal to this Court, raising issues of ineffective assistance and merger of offenses. On June 9, 2014, in a 2-1 decision, this Court denied his ineffective assistance claim, but we concluded his convictions for possession and trafficking in Alprazolam should have been merged. *See State v. Brown*, 5th Dist. Richland No. 13CA79, 14 N.E.3d 465, 2014-Ohio-2493 ("*Brown I-B*"). Following remand, the trial court issued a resentencing entry on September 18, 2014.

<em>Post-Conviction Litigation</em>

**{¶13}.** In the meantime, on June 9, 2014, appellant filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" under both of the above case numbers. The State filed a response on June 13, 2014. Appellant filed a reply to the response on June 26, 2014.

**{¶14}.** On July 15, 2014, the trial court issued a judgment entry overruling appellant's motion without a hearing, finding the petition to be untimely and barred by res judicata.

**{¶15}.** Appellant filed a notice of appeal on August 5, 2014. He herein raises the following sole Assignment of Error:

**{¶16}.** "I. DEFENDANT NOW FILES APPEAL, BECAUSE THE TRIAL COURT WITH A DIFFERENT JUDGE DENIED THE PETITION FOR RELIEF, AND THE JUDGE WHO DENIED THE PETITION WAS IN FACT THE ASSISTANT RICHLAND COUNTY PROSECUTOR WHO PROSECUTED THE CASE."

I.

**{¶17}.** In his sole Assignment of Error, appellant argues that the trial court erred and/or abused its discretion in denying his post-conviction petition. We disagree.

**{¶18}.** It is well-settled that a petition for post-conviction relief brought pursuant to R.C. 2953.21 will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. *State v. Jackson,* Delaware App.Nos. 04CA–A–11–078, 04CA–A–11–079, 2005–Ohio–5173, ¶ 13, citing *State v. Walden* (1984), 19 Ohio App.3d 141, 146, 483 N.E.2d 859. A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Wilhelm,* Knox App.No. 05–CA–31, 2006–Ohio–2450, ¶ 10, citing *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819.

**{¶19}.** The time requirements for PCR petitions are set forth in R.C. 2953.21(A)(2) as follows:

**{¶20}.** "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

**{¶21}.** In turn, R.C. 2953.23(A) states, in relevant part, as follows:

**{¶22}.** "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

**{¶23}.** "(1) Both of the following apply:

**{¶24}.** "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶25}.** "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted ***."

**{¶26}.** In appellant's direct appeals (*see Brown I-A and I-B*), the joint trial transcript from trial court case numbers 2012-CR-692 and 2012-CR-744 was filed with the Richland County appellate clerk on August 9, 2013. As noted in our recitation of facts, appellant's post-conviction petition was not filed until June 9, 2014. Appellant's limited arguments on appeal[1] fail to address his failure to comply with the 180-day requirement of R.C. 2953.21(A)(2) and do not invoke the alternative rule of R.C. 2953.23(A). Even if we were to reach the merits, we note the main thrust of his appeal, i.e., his assertion that the successive common pleas judge who denied his petition was the assistant county prosecutor who had handled the trial, is belied by the trial record.[2] In addition, the remainder of the scant arguments raised herein would be barred by res judicata. *See State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967), (holding "[u]nder the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment").

---

[1]  Appellant's entire brief, not including the cover page and appendix, is just two pages long.

[2]  The transcript clearly indicates that Assistant Prosecutor Gary Bishop represented the State of Ohio during the trial.

{¶27}. We hold the trial court did not err in denying appellant's post-conviction petition. Appellant's sole Assignment of Error is overruled.

{¶28}. For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

JWW/d 1020